**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40658**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 437** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 3, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JAMES GERALD BECK, III,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Order denying motion to suppress evidence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

James Gerald Beck, III, appeals from the district court's judgment of conviction for possession of methamphetamine, Idaho Code § 37-2732(c). He challenges the district court's order denying Beck's motion to suppress evidence. Beck argues that his traffic stop was unreasonably extended when the officer asked Beck questions unrelated to the purpose of the stop and that the district court erred in finding that Beck had conceded this issue. Finding no error, we affirm the judgment of conviction.

**I.**

**BACKGROUND**

At 11:30 p.m., Boise Police Officer Viens stopped Beck on his bicycle for failure to have a front headlight, violating Boise City Code § 10-14-03(D). During the traffic stop, Officer Viens asked Beck if he had a headlight, to which Beck responded that he did not. Then upon request, Beck provided his identification card to Officer Viens. Officer Viens then asked Beck

1

whether he had previously been in legal trouble. Beck acknowledged that he had a criminal record but said there were no outstanding warrants for his arrest. Officer Viens called dispatch to confirm Beck's criminal history. While waiting for a response from dispatch, Officer Viens asked Beck about his prior criminal acts and whether Beck was on probation or parole. Beck replied he had been in trouble for theft-related offenses and that he had not been on probation or parole for over six years.

Later, dispatch confirmed that Beck had a criminal history, but was not on probation and did not have outstanding warrants. After this conversation, Officer Viens asked Beck whether he had anything illegal in his possession. Beck said yes, that he had a diabetic syringe. Then Officer Viens asked whether Beck had anything else illegal and whether it was methamphetamine. Beck nodded affirmatively. Officer Viens handcuffed and searched Beck. The search revealed a small syringe and a small plastic baggie of a crystalline substance, which was later confirmed to be methamphetamine. The State charged Beck with possession of methamphetamine, I.C. § 37-2732(c), and possession of drug paraphernalia, I.C. § 37-2734A.[1]

Beck moved to suppress the evidence found during the search. He argued the stop became illegal when Officer Viens abandoned the original purpose of the stop by questioning Beck on unrelated criminal activity without reasonable suspicion that Beck was engaged in any criminal activity unrelated to the traffic infraction. At the suppression hearing, Beck asserted that Officer Viens violated the Fourth Amendment because he did not carefully tailor his questions to the purpose of the stop. At the end of the hearing--without provocation from the district court--Beck's trial counsel conceded that the duration of the stop "didn't exceed what was necessary to carry out the purpose of the stop."

The district court ultimately denied the suppression motion. The court explained that it reached its conclusion, in part, by relying upon Beck's concession that the duration of the stop was reasonable. The district court denied Beck's argument that Officer Viens impermissibly expanded the scope of questioning beyond the original justification for the stop.

Beck thereafter pleaded guilty to possession of methamphetamine, reserving the right to appeal the denial of his suppression motion.

---

[1]     Pursuant to a plea agreement, the possession of drug paraphernalia charge was dismissed.

2

## II.

## ANALYSIS

On appeal, Beck contends that the district court erred when it held that he conceded that the length of his traffic stop was reasonable. Beck argues that defense counsel conceded only that the stop did not exceed the amount of time that is typically required for a traffic stop, but nevertheless maintained a position that the questioning here unlawfully extended the stop because it was unrelated to the purpose of the stop. In reviewing a district court's ruling on a suppression motion, this Court accepts the district court's factual findings unless clearly erroneous, but freely reviews the application of law to those facts. *State v. Draper*, 151 Idaho 576, 592, 261 P.3d 853, 869 (2011).

The record shows that Beck's trial counsel stated the following during the suppression hearing:

> It is in my brief, and I guess I will just concede this point. I'll concede that *the* stop didn't exceed what was necessary to carry out the purpose for *the* stop. I don't think there is any question that that is probably true. A typical infraction would probably take ten or 15 minutes to write out and that interaction was fairly brief. *So I concede that.*
> Our issue in this case is whether or not the questioning was carefully tailored to the purpose for the stop and the fact that Officer Viens did not carefully restrict his questions to the purpose of the stop, which is required, unless some other particularized, objective reasons come up to make him suspicious of criminal activity.

(emphasis added). Thus, instead of challenging the *duration* of the stop, the defense focused on the *subject matter* of the questions, contending that Officer Viens violated the Fourth Amendment by asking Beck questions unrelated to the traffic infraction that was the purpose of the stop. For this argument, the defense apparently relied upon authorities like *Florida v. Royer*, 460 U.S. 491 (1983), stating that the scope of an investigative detention "must be carefully tailored to its underlying justification" and that "investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicions in a short period of time." *Id.* at 500. These statements in *Royer* were sometimes interpreted to mean that questioning about subjects unrelated to the reason for an investigative detention was generally impermissible. However, as this Court explained in *State v. Stewart*, 145 Idaho 641, 646-47, 181 P.3d 1249, 1254-55 (Ct. App. 2008), that interpretation of *Royer* was dispelled by the United States Supreme Court in *Muehler v. Mena*, 544 U.S. 93, 94 (2005), where the Court held that

3

"mere police questioning does not constitute a seizure," and when an individual has been lawfully detained, the individual could be questioned unrelated to the reason for the detention so long as the detention was not prolonged by the question. *Id*. at 101. *See also Arizona v. Johnson*, 555 U.S. 323, 333 (2009) ("An officer's inquiries into matters unrelated to the justification for the traffic stop, this Court has made plain, do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop."); *State v. Ramirez*, 145 Idaho 886, 889, 187 P.3d 1261, 1264 (Ct. App. 2008) (holding questioning on topics unrelated to the purpose of the stop is permissible so long as the duration of the stop is not expanded).

In his argument on appeal, apparently recognizing these more recent authorities, Beck does not continue his argument that questioning on an unrelated topic, standing alone, rendered the detention unlawful. Rather, he attempts to employ the argument that was waived in the trial court that the duration of the traffic stop was unlawfully extended by the officer's questions that were unrelated to the infraction for which Beck was stopped.

The above quote of defense counsel's comments shows that the district court reasonably understood Beck's argument as a concession that the duration of the stop was reasonable, and we cannot hold that it was error. As a result, the district court's decision to deny Beck's suppression motion was not clearly erroneous. This Court will not address an issue raised in the briefing below, but expressly waived at oral argument before the district court. *Allied Bail Bonds, Inc. v. County of Kootenai*, 151 Idaho 405, 409, 258 P.3d 340, 344 (2011).

Therefore, the order denying Beck's suppression motion and Beck's judgment of conviction are affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**